J-S93021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KAREEM PINOCK, | |
| Appellant | No. 2851 EDA 2015 |

Appeal from the Judgment of Sentence September 4, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-0005543-2014

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

CONCURRING STATEMENT BY PLATT, J.:          **FILED MARCH 31, 2017**

I concur with the Majority's holding that Appellant's claim lacks merit. I write separately to state my disagreement with its decision not to find the issue waived.

Appellant failed to raise his issue on appeal in the trial court.[1]  As noted by the Majority, "[i]ssues not raised in the lower court are waived and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant presented one issue for the Court's review:

> Did the trial court err when it denied [Appellant's] pre-trial motion to suppress physical evidence – *i.e.* pre-recorded buy money recovered from his pocket – as the arresting officer did not have probable cause to stop, detain or search [Appellant] at the time that that officer did so where, at the time the arresting officer seized and searched [Appellant], that officer did not have

*(Footnote Continued Next Page)*

cannot be raised for the first time on appeal." (*See* Majority Memorandum, at 10 n.6 (citing Pa.R.A.P. 302(a))); *Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013) (issue raised for first time in Rule 1925(b) statement is waived); *see also In re F.C. III*, 2 A.3d 12010, 1212 (Pa. 2010) ("By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue.") (citation omitted).

Therefore, although I agree with the Majority that Appellant's issue lacks merit, I would find that he has waived his issue for our review.

_(Footnote Continued)_ ———————————

> facts and circumstances within his knowledge that were reasonably trustworthy and sufficient to warrant a person of reasonable caution to believe that [Appellant] committed or [wa]s committing a crime?

(Appellant's Brief at 5). As noted by the Majority, "[t]he essence of Appellant's argument is that he was seized and searched in contravention of *Yong*[,]" which was decided two weeks after the trial court denied his motion to suppress. (Majority Memorandum, at 6; *see id.* at 4). Therefore, he could have raised this issue in the trial court in a post-sentence motion.